IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LifeSecure Insurance Company,<br>        Interpleader Plaintiff,<br><br>   v.<br><br>The National Rifle Association of America,<br>Institute for Legislative Action,<br>Robert Timothy Bowman,<br>Todd Ryan Bowman, and<br>Trudy Kay Craig,<br><br>        Interpleader Defendants. | |

**COMPLAINT FOR INTERPLEADER**

Plaintiff LifeSecure Insurance Company (the "Interpleader Plaintiff"), by and through its undersigned counsel, hereby files this Complaint for Interpleader pursuant to 28 U.S.C. § 1332 against The National Rifle Association of America, Institute for Legislative Action, Robert Timothy Bowman, Todd Bowman, and Trudy Kay Craig (collectively, the "Interpleader Defendants"), and in support thereof, states as follows:

**INTRODUCTION**

1. This is an interpleader action in which Interpleader Plaintiff, an innocent stakeholder of the proceeds of an annuity issued on the life of now deceased John S. Jendrusik (the "Annuitant"), seeks interpleader relief to avoid the risk of double or multiple liability resulting from a dispute over the proper beneficiary or beneficiaries of the annuity proceeds.

**PARTIES**

2. The Interpleader Plaintiff is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business in Brighton, Michigan.

3. Interpleader Defendant The National Rifle Association of America, Institute for Legislative Action (the "NRA-ILA") is the lobbying arm of the National Rifle Association of America, a corporation incorporated and existing under the laws of the State of New York with its headquarters located at 11250 Waples Mill Road, Fairfax, Virginia 22030.

4. Interpleader Defendant Robert Timothy Bowman is a resident and citizen of West Virginia, living at 2233 Raleigh Drive, Glen Dale, West Virginia 26038. Upon information and belief, Mr. Bowman was the nephew of the Annuitant and the executor of his estate.

5. Interpleader Defendant Todd Ryan Bowman is a resident and citizen of Ohio, living at 310 High Street, Flushing, Ohio 43977. Upon information and belief, Mr. Bowman was the nephew of the Annuitant.

6. Interpleader Defendant Trudy Kay Craig is a resident and citizen of Illinois, living at 1150 Oak Spring Lane, Libertyville, Illinois 60048. Upon information and belief, Ms. Craig was the niece of the Annuitant.

7. Interpleader Defendants Robert Timothy Bowman, Todd Ryan Bowman, and Trudy Kay Craig are collectively referred to hereinafter as the "Family Claimants".

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this interpleader action pursuant to 28 U.S.C. § 1335, because the Interpleader Plaintiff has in its custody money or property exceeding $500.00 for which there are two or more adverse claimants of diverse citizenship.

9. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b) because one or more of the Interpleader Defendants resides in this judicial district.

**FACTUAL ALLEGATIONS**

10. In 1997, the Interpleader Plaintiff's predecessor issued two annuity contracts to the Annuitant, Contract No. 000080245 (the "-245 Contract") and Contract No. 000080246 (the "-246 Contract") (collectively, the "Annuities").

11. The Annuitant originally named his sister, Dorothy Bowman, as the beneficiary of both Annuities.

12. On or about January 14, 1998, the Annuitant submitted a change of beneficiary form and named the NRA-ILA the beneficiary of both Annuities.

13. Upon information and belief, in or around January 2017, the Annuitant requested that Phillip Murad, his neighbor and power of attorney, assist him with his estate planning, including changing the beneficiary designations on his annuities and life insurance.

14. In January 2017, Mr. Murad called the Interpleader Plaintiff to discuss an issue related to the "-246 Contract." During that call, Mr. Murad requested that the Interpleader Plaintiff send him a Beneficiary Change Form.

15. On February 8, 2017, the Annuitant submitted a Beneficiary Change Form for the "-246 Contract," in which he named Family Claimants the beneficiaries of that contract.[1]

16. The Annuitant never submitted a Beneficiary Change Form for the "-245 Contract," and the beneficiary of record for that contract remained the NRA-ILA.

17. The Annuitant died on July 16, 2017.

18. Following the Annuitant's death, the Family Claimants submitted to the Interpleader Plaintiff a Claimant's Statements for Annuity Proceeds form for the "-246 Contract."

---

[1] On that same day, the Annuitant also submitted a Request for Change of Beneficiary (Payee) for an unrelated life insurance policy issued on his life by Polish National Alliance, in which he named Family Claimants the beneficiaries of that policy.

The Interpleader Plaintiff properly distributed the proceeds due under that contract in accordance with the direction of the Family Claimants.

19. Subsequently, on or about January 22, 2018, the Family Claimants submitted to the Interpleader Plaintiff a Claimant's Statements for Annuity Proceeds form for the "-245 Contract." The Interpleader Plaintiff informed that Family Claimants that it could not process their claims because they were not the record beneficiaries for that contract.

20. On or about February 8, 2018, the Family Claimants wrote to the Interpleader Plaintiff to assert their beneficiary status under the "-245 Contract." Among other things to support their claims, the Family Claimants included an affidavit from Mr. Murad, in which he states: "[I]t was John S. Jendrusik's intent to change the beneficiary on both of his policies, Policy No. 000080246, as well as Policy No. 000080245 to Robert T. Bowman, Todd R. Bowman, and Trudy K. Craig."

21. The Interpleader Plaintiff informed the NRA-ILA of the Family Claimants' position in June 2018. The NRA-ILA indicated that its position was that it is the correct beneficiary and that it was not disclaiming or withdrawing its claim as beneficiary under the "-245 Contract."

**CLAIM FOR INTERPLEADER**

22. The Interpleader Plaintiff incorporates by reference each preceding paragraph as if fully set forth herein.

23. The Interpleader Plaintiff admits that the death benefit due under the "-245 Contract" (the "Annuity Proceeds") is payable by reason of the death of the Annuitant, but the Interpleader Plaintiff is unable to determine whether the Annuity Proceeds are payable to the NRA-ILA, on the one hand, or the Family Claimants, on the other, without risking or being subjected to double or multiple liability.

24. The NRA-ILA, on the one hand, or the Family Claimants, on the other, are competing claimants with respect to the Annuity Proceeds, and a single interpleader action is necessary to protect Interpleader Plaintiff from being exposed to double or multiple liability.

25. The Interpleader Plaintiff is a disinterested stakeholder with respect to whom the Annuity Proceeds should be paid. The Interpleader Plaintiff has no legal interest in the outcome of any dispute that may exist among any of the Interpleader Defendants with respect to their claims to the Annuity Proceeds. The Interpleader Plaintiff has been unfairly drawn into this dispute and brings this interpleader action as the only appropriate recourse to resolve all possible disputes among the Interpleader Defendants with respect to their claims to the Annuity Proceeds.

26. The Interpleader Plaintiff is ready, willing, and able to tender the Annuity Proceeds to the Clerk of the Court, or other Court ordered escrow representative.

27. Upon tender of the Annuity Proceeds, Interpleader Plaintiff should be dismissed with prejudice from any further involvement or participation in this action. Thereafter, the Interpleader Defendants should be required to interplead with each other to determine their respective rights, if any, to the Annuity Proceeds.

28. The Interpleader Plaintiff has incurred costs and fees related to this interpleader action to resolve the competing claims to the Annuity Proceeds. The Interpleader Plaintiff requests an award of its costs and reasonable attorneys' fees to be deducted from the Annuity Proceeds prior to deposit with the Clerk of Court.

**RELIEF REQUESTED**

WHEREFORE, Interpleader Plaintiff respectfully requests that the Court enter an Order in favor of the Interpleader Plaintiff and against the Interpleader Defendants as follows:

a. Authorizing the Interpleader Plaintiff to deposit with the Clerk of the Court, or other Court ordered escrow representative, the Annuity Proceeds that are payable under the "-245 Contract" due to the death of the Annuitant;

  b.  Requiring the Interpleader Defendants to interplead with each other to determine their respective rights, if any, to the Annuity Proceeds;

  c.  Declaring that the Interpleader Plaintiff has no further liability with respect to the "-245 Contract," including the Annuity Proceeds, and no further liability to any of the Interpleader Defendants;

  d.  Enjoining and restraining the Interpleader Defendants, their agents, attorneys or assigns from instituting any action of proceeding in any state or federal court against the Interpleader Plaintiff related to the "-245 Contract," including the Annuity Proceeds and any interest or claims related thereto;

  e.  Dismissing and discharging the Interpleader Plaintiff from this action with prejudice;

  f.  Awarding Interpleader Plaintiff its reasonable attorneys' fees and costs incurred to be paid from the Annuity Proceeds; and

  g.  Awarding Interpleader Plaintiff any other or further relief that the Court deems appropriate.

Dated: July 24, 2018

/s/ Isabelle E. Kountz
Isabelle E. Kountz
Attorney for LifeSecure Insurance Company

DRINKER BIDDLE & REATH LLP
Isabelle E. Kountz (6316561)
191 N. Wacker Drive
Suite 3700
Chicago, IL  60606-1698
Telephone:  (312) 569-1000
Facsimile:  (312) 569-3000